1  ROB BONTA
   Attorney General of California
2  CHARLES J. ANTONEN
   Supervising Deputy Attorney General
3  GABRIELLA CARNEVALE
   Deputy Attorney General
4  State Bar No. 327750
   455 Golden Gate Avenue, Suite 11000
5  San Francisco, CA 94102-7004
   Telephone: (415) 510-3449
6  Fax: (415) 703-5843
   E-mail: Gabriella.Carnevale@doj.ca.gov
7  *Attorneys for Defendants*
   *Board of Trustees of the California State University,*
8  *et al*

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13

14  **JOSHUA HARRELL,**                    | 23-cv-02210-BLF

15                           Plaintiff,    | **DEFENDANTS' NOTICE OF MOTION
                                           | AND MOTION TO DISMISS
16           v.                            | PLAINTIFF'S COMPLAINT OR, IN THE
                                           | ALTERNATIVE, TO PROVIDE A MORE
17                                         | DEFINITE STATEMENT**

18  **CALIFORNIA STATE UNIVERSITY, SAN
    JOSE STATE UNIVERSITY, MELISSA**       | Date:      November 16, 2023
19  **SANCHEZ-ORTEGA, MIRYEM**             | Time:      9:00am
    **KHANAKA, NICOLE BRAVO, IGNACIA**     | Courtroom: 3
20  **VILLAVELASQUEZ-HILL, MIRABAI**       | Judge:     The Honorable Beth Labson
    **HUTTON, THOMAS F LEE,**              |            Freeman
21  **CHRISTOPHER ZONSIUS, PATRICK
    DAY, DOES 1-50, INCLUSIVE,**

22                           Defendants.

23

24  TO PLAINTIFF JOSHUA HARRELL, IN PRO PER:

25      PLEASE TAKE NOTICE that Defendants Board of Trustees of the California State

26  University, Melissa Sanchez-Ortega, Miryem Khanaka, Nicole Bravo, Ignacia Villavelazquez-Hill,

27  Mirabai Hutton, Thomas Lee, Christopher Zonsius, and Patrick Day (collectively "Defendants")

28  request this Court dismiss the Complaint because it violates (1) Federal Rules of Civil Procedure

                                           1

1  (FRCP) 8(a)(2) by failing to provide a short and plain statement of the claim and (2) FRCP 18(a)

2  and 20(a) by asserting unrelated claims against multiple defendants. In the alternative, Defendants

3  request the Court to order Plaintiff to provide a more definite statement under FRCP 12(e).

4      This motion is based on this notice of motion, the supporting memorandum of points and

5  authorities, and the pleadings on file with the Court.

6

7  Dated:  June 14, 2023               Respectfully submitted,

8                         ROB BONTA
                       Attorney General of California

9                         CHARLES J. ANTONEN
                       Supervising Deputy Attorney General

10

11

12                         GABRIELLA CARNEVALE
                       Deputy Attorney General

13                         *Attorneys for Defendants*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff's Complaint sets forth numerous unrelated allegations against various individuals who work in some capacity at San José State University (SJSU), one of the campuses of the California State University. The Complaint, however, does not comply with the Federal Rules of Civil Procedure (FRCP) and should be dismissed. Specifically, the Complaint (1) fails to provide a short and plain statement of the claim, in violation FRCP 8(a)(2); and (2) asserts unrelated claims against multiple defendants, in violation of FRCP 18(a) and 20(a). In the alternative, Defendants request the Court order Plaintiff to provide a more definite statement under FRCP 12(e). For these reasons, Defendants respectfully request that the Complaint be dismissed.

### FACTUAL BACKGROUND

Plaintiff Joshua Harrell is a student at San José State University. The 91-page, 474-paragraph Complaint chronicles an eight month period of time during which Harrell contends that two discrete incidents resulted in a multitude of violations of their constitutional rights under both state and federal law. Specifically, Plaintiff alleges the following causes of action: (1) conversion; (2) deprivation of property without due process of law; (3) discrimination based on disability; (4) retaliation against first amendment protected activity; (5) retaliation against opposition to unlawful activity; (6) wrongful use of administrative proceedings; (7) unlawful arrest by peace officer without warrant; (8) unreasonable search and seizure; (9) failure to encourage education by suitable means;   (10) denial of right to attend safe, secure, and peaceful campus; (11) denial of equal protection of the law; (12) breach of contract; (13) intentional infliction of emotional distress. Plaintiff alleges these various violations against 8 individual employees of San José State University, as well as the university itself, based on two discrete incidents occurring on April 20, 2022 and June 3, 2022, respectively. As pled, it is unclear what events, transactions, or occurrences link the allegations as to warrant a single Complaint.

### I.   OVERVIEW OF THE APRIL 20, 2022 INCIDENT

The first alleged incident mentioned in the Complaint involves Melissa Sanchez-Ortega, Miryem Khanaka, and Nicole Bravo, employees at the Alternative Testing Center, and their

3

1  supervisor, Ignacia Villavelasquez-Hill. (Compl., ¶¶ 4, 5, 6) The Alternative Testing Center

2  operates to support students with disabilities by offering testing accommodations. (Compl., ¶¶ 3,

3  77.)

4         On April 20, 2022, Plaintiff took an exam at the Alternative Testing Center, and following

5  the exam was required to turn in the notes they referred to during the exam as part of standard

6  procedure. (Compl., ¶ 4.) Plaintiff reluctantly turned in their notes, then demanded them back

7  because they intended to use the same sheet of notes at another exam later the same day. (Compl.,

8  ¶¶ 4, 85.) When the employees informed Plaintiff that they could not return Plaintiff's notes because

9  the professor had required the notes be submitted along with the exam, Plaintiff claimed that the

10 employees "stole" their notes. (Compl., ¶¶ 86, 90.) Plaintiff became agitated, exhibited aggressive

11 behavior, and caused a disturbance at the testing center. (Compl., ¶¶ 8, 113.)

12        As a result of Plaintiff's concerning behavior and their treatment of the testing center

13 employees, the testing center employees referred Plaintiff to the campus Office of Student Conduct

14 and Ethical Development ("SCED") for disciplinary action. (Compl., ¶ 7.) Plaintiff received their

15 notes back the same day with special permission from their professor. (Compl., ¶ 93.)

16        Defendant Mirabai Hutton was the SCED administrator who handled the disciplinary review

17 process to determine what consequences, if any, Plaintiff would be subject to as a result of the

18 testing center incident. (Compl., ¶ 5.) Following her investigation, Defendant Hutton delivered

19 SCED's ruling on May 23, 2022, which resolved the case by issuing a warning. (Compl., ¶¶ 9, 133.)

20 The matter was concluded on May 23, 2022 and the file was closed. (Compl., ¶ 9.)

21 **II.    OVERVIEW OF THE JUNE 3, 2022 INCIDENT**

22        The second alleged incident mentioned in the Complaint involves San José State University

23 Police Department Officers Thomas Lee and Christopher Zonsius, and the Vice President of

24 Student Affairs, Patrick Day. (Compl., ¶¶ 14, 18.) On June 3, 2022, Plaintiff was discovered in the

25 Spartan Complex Central building by University Police between 12:45 a.m. and 1:00 a.m., long

26 after the building had closed to students at 10:30 p.m. (Compl., ¶¶ 140, ¶170, 171, 172.) Despite

27 repeated requests to leave, Plaintiff refused, resulting in their arrest for trespassing. (Compl., ¶¶ 13,

28 70, 171, 172.)

1    Officers Lee and Zonsius escorted Plaintiff to the campus police station and subsequently

2    released Plaintiff at 1:41 a.m., less than an hour after the incident began. (Compl., ¶ 191.) A second

3    SCED disciplinary review process was initiated following the June 3, 2022 incident, spanning

4    several months, with several in-person meetings between Plaintiff and administrators, including

5    Vice President of Student Affairs Patrick Day, in addition to lengthy dialogue via email between

6    Plaintiff and the Office of Student Conduct and Ethical Development. (Compl., ¶¶ 19-28.) Although

7    SCED's recommended sanction was a reflective paper and one year of disciplinary probation,

8    Plaintiff ultimately received just a warning for the June 3 trespassing incident. (Compl., ¶¶ 351,

9    374.)

10    **ARGUMENT**

11    While not a model of clarity, Plaintiff's Complaint appears to concern two discrete events

12    involving entirely different individuals, yet Plaintiff pleads several causes of action against all

13    Defendants as if the claims are related. Therefore, Defendants move the Court to dismiss the

14    Complaint in its entirety or, in the alternative, order Plaintiff to amend the Complaint to provide a

15    more definite statement.

16    **I.    PLAINTIFF'S COMPLAINT FAILS TO COMPLY WITH FRCP RULE 8(A) REQUIRING A**
      **SHORT AND PLAIN STATEMENT OF THE CLAIM.**
17

18    FRCP 8(a)(2) requires that a complaint include only a short, plain statement of the claim

      showing that the pleader is entitled to relief. While a pleading filed by a party who is proceeding
19
      without assistance of counsel should be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94
20
      (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), pro se status does not relieve plaintiff of
21
      pleading standards otherwise prescribed by the FRCP. *Saidin v. New York City Dept. of Educ.*, 498
22
      F. Supp. 2d 683, (S.D.N.Y 2007). Complaints which ramble, needlessly speculate, accuse, and
23
      condemn, and which contain circuitous diatribes far removed from the heart of the claim do not
24
      comport with goals of this rule prescribing short and plain statement of grounds for jurisdiction and
25
      claim for relief. *Prezzi v. Berzak*, 57 F.R.D. 149 (S.D.N.Y. 1972); see also *Burks v. City of*
26
      *Philadelphia*, 904 F. Supp. 421 (E.D. Pa. 1995) (Civil rights complaint would be dismissed in its
27
      entirety, but without prejudice to plaintiffs' ability to file amended pleading, where complaint did
28

5

not contain short and plain statement of plaintiffs' cause of action, but was rather a fact-laden, 36-page narrative which described in unnecessary, burdensome, and often improper argumentative detail every instance of alleged racial discrimination perpetrated by defendants).

In the 91 page, 474 paragraph operative Complaint, Plaintiff describes in excessive detail the events which they believe form the basis for this case. However, even if liberally construed, the Complaint fails to comply with pleading standards. Not only are the allegations a far cry from what could be considered a short, plain statement, the Complaint confusingly references past litigation unrelated to Plaintiff's case. (Compl., ¶¶31-36.) The Complaint also needlessly, exhaustively and improperly imputes malicious intent and conspiracy with no basis for such a conclusion. (Compl., ¶¶ 29, 30, 38, 41, 398, 400.) When a claim involves an element of improper motive, a heightened pleading standard applies: plaintiff must make nonconclusory allegations supporting an inference of unlawful intent; otherwise the pleading is subject to dismissal for failure to state claim. *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, (N.D. Cal. 2008). Plaintiff has not done so here.

## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE IT IMPROPERLY JOINS UNRELATED PARTIES FOR UNRELATED EVENTS IN VIOLATION OF FRCP 18 AND 20

FRCP 18(a) encourages a party to join, as independent or alternative claims, as many claims they have against an opposing party. FRCP 20(a) permits a suit to proceed against multiple defendants, so long as the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A) & (B). These rules are designed "to promote judicial economy and reduce inconvenience, delay and added expense." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). "Shotgun" or "buckshot" pleadings, which string together unrelated claims against different defendants, or incorporate every antecedent allegation by reference into each subsequent claim for relief, leading to a situation where all counts but the first contain irrelevant factual allegations and legal conclusions, are not permitted under the FRCP. See generally, *Wagner v. First Horizon Pharmaceutical Corp.,* 464 F.3d 1273 (11th Cir. 2006); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293 (11th Cir. 2002); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

1    Here, the Complaint is a conflation of unrelated claims against multiple defendants stemming

2    from two distinct incidents, each with different sets of operative facts. On its face, the interwoven

3    allegations and supporting facts as pled by Plaintiff show no reasonable connection between the

4    first incident and the second.

5    The April 20, 2022 incident took place in the Alternative Testing Center, during business

6    hours, and involved individual defendants Sanchez-Ortega, Khanaka, Bravo, Villavelasquez-Hill,

7    Hutton. The named defendants corresponding to the first incident were the Alternative Testing

8    Center employees who informed Plaintiff that they must turn in their exam notes, against which

9    Plaintiff protested that this constituted "theft" and "deprivation of property without due process of

10    law" "because Harrell was an individual with a disability." (Compl., ¶ 398.)

11    In contrast, the June 3, 2022 incident involved defendants Lee and Zonsius arresting Plaintiff

12    for trespassing after Plaintiff refused to leave a university building several hours after it had closed

13    to students. (Compl., ¶¶ 140, 170, 171, 172.) Plaintiff was escorted to the campus police station and

14    released less than an hour after the incident began. (Compl., ¶ 191.)

15    The only common thread between the two incidents is the alleged involvement of defendant

16    Hutton, who works in the campus office that addresses issues relating to student conduct and

17    disciplinary matters. (See Compl., ¶ 58.) While defendant Hutton's involvement in each incident is

18    unclear, the Complaint makes clear that the incidents were entirely separate because the

19    investigation into the April 20, 2022 incident was concluded before the June 3, 2022 incident even

20    occurred. (Compl., ¶ 133.)

21    Moreover, each cause of action incorporates by reference every previous paragraph into each

22    subsequent cause of action, in violation of the principles against "shotgun" or "buckshot" pleadings.

23    (Compl., ¶¶ 375, 381, 391, 407, 413, 418, 426, 432, 441, 447, 451, 458, 464.) Similarly, Plaintiff's

24    Complaint, rife with superfluous information and references to unrelated individuals and claims,

25    does not describe any conduct that would link the two incidents as to give rise to a single Complaint.

26    Therefore, the Complaint should be dismissed for failure to comply with FRCP 18(a) and 20.

27

28

1

**III.   IF THE COMPLAINT IS NOT DISMISSED, PLAINTIFF SHOULD BE REQUIRED TO PROVIDE DEFENDANTS WITH A MORE DEFINITE STATEMENT**

2

3          FRCP 12(e) provides that "a party may move for a more definite statement of a pleading to

4   which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

5   reasonably prepare a response." Such a motion is proper only where the complaint is so indefinite

6   that the defendant cannot ascertain the nature of the claim being asserted. *Cellars v. Pacific Coast Packaging, Inc.,* 189 F.R.D. 575, 578 (N.D. Cal. 1999).

7          In this case, the Complaint alleges numerous incidents involving a mishmash of different

8   defendants, and fails to clearly or succinctly describe any conduct that Defendants can reasonably

9   defend against. While there is certainly a plethora of information included in the 91 page, 474

10  paragraph Complaint, it is difficult to ascertain what information corresponds to the causes of action

11  as pled. Specifically, the Tenth, Eleventh, and Thirteenth Causes of Action are pled against all

12  Defendants despite the absence of any common factor.[1] If this Court does not dismiss the

13  Complaint, Defendants respectfully request that Plaintiff be ordered to provide a brief, more

14  definite statement so that Defendants can formulate a response to Plaintiff's scattered, verbose,

15  unsupported, and conclusory allegations.

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23

24  _____

[1] The Tenth Cause of Action concerning the denial of right to attend safe, secure, and
25  peaceful campus does not appear to be related to the first incident whatsoever, yet is pled against
    defendants Sanchez-Ortega, Khanaka, Bravo, Villavelasquez-Hill, Hutton, as well as the university
26  as a whole. While the Eleventh Cause of Action relating to the denial of equal protection of the law
    is pled against all defendants on the basis of disability discrimination, yet the defendants included
27  in Third Cause of Action for violation of the Americans with Disabilities Act do not include
    defendants Lee, Zonsius, or Day. Finally, the Thirteenth Cause of Action for intentional infliction
28  of emotional distress is pled against all defendants, yet it is unclear what specific conduct, if any,
    Plaintiff alleges as the cause of the emotional distress.

8

**CONCLUSION**

The Complaint should be dismissed because it (1) violates FRCP 8(a)(2) by failing to provide a short and plain statement of the claim and (2) violates FRCP 18(a) and 20(a) by asserting unrelated claims against multiple defendants. In the alternative, Defendants request the Court to order Plaintiff to provide a more definite statement under FRCP 12(e). For these reasons, Defendants' respectfully request that the Complaint be dismissed.

Dated:  June 14, 2023                                    Respectfully submitted,

ROB BONTA
Attorney General of California
CHARLES J. ANTONEN
Supervising Deputy Attorney General

GABRIELLA CARNEVALE
Deputy Attorney General
*Attorneys for Defendant*

9

## DECLARATION OF SERVICE BY E-MAIL

Case Name:    **Harrell, Joshua v. California State University, et al.**
Case No.:     **23-2210**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.

On June 14, 2023, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT**

and

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, TO PROVIDE A MORE DEFINITE STATEMENT**

by transmitting a true copy via electronic mail.

Joshua Harrell
54 N 5th Street #10
San Jose, CA 95112
Joshuaj1729@gmail.com

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 14, 2023, at San Francisco, California.

| | |
|---|---|
| J. Mirarchi | Signature |
| Declarant | |

SF2023950044
43718100.docx