**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSHUA HARRELL,<br><br>                    Plaintiff,<br><br>          v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>                    Defendants. | Case No.  23-cv-02210-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[Re:  ECF 16] |

Joshua Harrell ("Harrell"), a student at San Jose State University ("SJSU"), sues SJSU and multiple SJSU employees under federal and state laws.  Harrell filed the action in the Santa Clara County Superior Court, and Defendants removed the action to federal district court on the basis of federal question jurisdiction.  *See* Not. of Removal, ECF 1.  Now before the Court is Harrell's motion to remand, which has been fully briefed and taken under submission without oral argument.  *See* Mot., ECF 16; Opp., ECF 23; Reply, ECF 24; Order, ECF 21.

The motion to remand is DENIED for the reasons discussed below.

## I.     LEGAL STANDARD

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court."  *Id*. (internal quotation marks and citation omitted).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.A. § 1447.

## II.   DISCUSSION

Although Harrell filed the motion to remand, Defendants bear the burden of establishing subject matter jurisdiction under the standard set forth above.  As noted, Defendants removed the action based on federal question jurisdiction.  Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

The complaint asserts thirteen claims arising from two incidents that occurred on April 20, 2022 and June 3, 2022, and related administrative proceedings.  *See generally* Compl., Not. of Removal Ex. A, ECF 1-1.  The claims are:  (1) conversion; (2) deprivation of property without due process of law; (3) disability discrimination; (4) retaliation for constitutionally protected activity; (5) retaliation against opposition to unlawful activity; (6) wrongful use of administrative proceedings; (7) unlawful arrest; (8) unreasonable search and seizure; (9) failure to encourage education by suitable means; (10) denial of right to attend safe, secure, and peaceful campus; (11) denial of equal protection of the law; (12) breach of contract; and (13) intentional infliction of emotional distress.

A number of these claims are expressly grounded in the United States Constitution and federal statute, including Claim 2 for deprivation of property without due process under the Fourteenth Amendment, *see* Compl. ¶ 384; Claim 3 for disability discrimination in violation of the Americans with Disabilities Act, *see id*. ¶ 403; Claim 4 for retaliation against activity protected by the First Amendment, *see id*. ¶¶ 408-09; Claim 5 for retaliation in violation of 42 U.S.C. § 12203(a); and Claim 7 for unlawful arrest in violation of the Fourth Amendment, *see id*. ¶ 429.  The Court clearly has federal question jurisdiction over these claims.  The Court has supplemental jurisdiction over the state law claims alleged in the complaint, which arise out of the same facts as the federal claims.  *See* 28 U.S.C. § 1367(a).

Harrell argues that Claims 9 and 10 raise unresolved questions of state education rights and

United States District Court
Northern District of California

1   therefore are nonremovable.  Some types of state court actions are nonremovable, as set forth in 28

2   U.S.C. § 1445.  Nonremovable actions include certain civil actions against a railroad or its

3   receivers or trustees; certain civil actions against a carrier or its receivers or trustees; civil actions

4   arising under state workers' compensation laws; and civil actions arising under section 40302 of

5   the Violence Against Women Act of 1994.  *See* 28 U.S.C. § 1445(a) – (d).  Claims grounded in

6   state education rights are not among the enumerated nonremovable actions.  Accordingly,

7   Harrell's argument that Claims 9 and 10 are nonremovable is without merit.

8          Harrell argues that Claims 9 and 10 are nonremovable under the Tenth Amendment, which

9   provides that, "The powers not delegated to the United States by the Constitution, nor prohibited

10  by it to the States, are reserved to the States respectively, or to the people."  U.S. Const. amend. X.

11  Harrell argues that "[t]he words 'educate', 'education', 'student', 'school', 'college', and

12  'university' do not appear in the United States Constitution," and therefore only a state court may

13  decide civil claims relating to state education rights.  Harrell cites no case interpreting the Tenth

14  Amendment in this manner.  Absent supporting case law, the Court declines to expand the list of

15  nonremovable actions enumerated in § 1445 to include civil actions relating to state education

16  rights.

17         The Court notes that even if it were to conclude that Claims 9 and 10 are nonremovable

18  (and it does not), such conclusion would not support Harrell's remand motion.  The statute

19  governing removal of civil actions, 28 U.S.C. § 1441, expressly provides that when a state court

20  action contains both a federal claim and "a claim not within the original or supplemental

21  jurisdiction of the district court or a claim that has been made nonremovable by statute," the entire

22  action nonetheless may be removed if the action would be removable without inclusion of the

23  nonremovable claim. 28 U.S.C. § 1441(c)(1).  The statute directs that upon removal, "the district

24  court shall sever from the action all claims" that are nonremovable and "shall remand the severed

25  claims to the State court from which the action was removed."  28 U.S.C. § 1441(c)(2).  Thus,

26  even if Harrell had established that Claims 9 and 10 are nonremovable, this Court would have

27  severed and remanded those claims pursuant to the directive of § 1441(c) and would not have

28  remanded the action.

United States District Court
Northern District of California

Harrell's motion to remand is DENIED.

**III.    ORDER**

    (1)    Harrell's motion to remand is DENIED; and

    (2)    This order terminates ECF 16.

Dated:  August 9, 2023

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

4