UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSHUA HARRELL,<br><br>  Plaintiff,<br><br>  v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>  Defendants. | Case No.  23-cv-02210-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, TO CERTIFY DENIAL OF REMAND FOR APPEAL**<br><br>[Re: ECF 26] |

On August 9, 2023, the Court issued an order denying Plaintiff's motion to remand this action to the Santa Clara County Superior Court ("Order Denying Remand"). *See* Order Denying Remand, ECF 25. Plaintiff now seeks leave to file a motion for reconsideration of the Order Denying Remand or, alternatively, certification of the Order Denying Remand for immediate appeal. *See* Pl.'s Mot., ECF 26. Plaintiff's motion is DENIED for the reasons discussed below.

The Court first addresses Plaintiff's motion for leave to seek reconsideration and then addresses Plaintiff's alternative motion requesting that the Court certify the Order Denying Remand for immediate appeal.

**I. MOTION FOR LEAVE TO SEEK RECONSIDERATION**

Under this district's Civil Local Rules, a party must obtain leave of court before filing a motion for reconsideration of an interlocutory order. *See* Civ. L.R. 7-9(a). The movant "must specifically show reasonable diligence in bringing the motion" and one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

Plaintiff asserts that the Court failed to consider several dispositive legal arguments that were advanced in the motion for reconsideration. Most of the arguments relate to Plaintiff's contentions that Claims 9 and 10 are nonremovable and are so intertwined with Plaintiff's other claims that the entire action should be remanded. The Court considered and rejected those arguments in its Order Denying Remand. For example, Plaintiff suggests that the Court denied the motion to remand based on its failure to consider Plaintiff's argument that 28 U.S.C. § 1445 does not provide an exhaustive list of nonremovable actions. The Court did consider that argument, acknowledging Plaintiff's assertion that civil claims relating to state education rights are nonremovable under the Tenth Amendment. *See* Order Denying Remand at 3. However, the Court concluded that Plaintiff did not cite case law interpreting the Tenth Amendment in that manner, and for that reason declined to accept Plaintiff's argument that Claims 9 and 10 are nonremovable. *See id.* The Court likewise considered Plaintiff's other arguments in support of remand and found them to be unmeritorious.

Plaintiff asserts that the Court did not consider Plaintiff's reply argument that Defendants conceded certain points by failing to address them in the opposition. Defendants addressed all relevant arguments in the opposition.

Plaintiff's motion for leave to file a motion for reconsideration is DENIED.

## II. MOTION FOR CERTIFICATION OF ORDER FOR IMMEDIATE APPEAL

"[T]he denial of a motion to remand is not a final order appealable under 28 U.S.C. § 1291." *Est. of Bishop By & Through Bishop v. Bechtel Power Corp.*, 905 F.2d 1272, 1274 (9th Cir. 1990). "Despite the interlocutory nature of orders denying remand," a plaintiff may seek

immediate review of such an order by asking the district court either to certify the order for interlocutory appeal under 28 U.S.C. § 1292(b), or to certify its order as "final" under Federal Rule of Civil Procedure 54(b). *Id*. Plaintiff requests that in the event the Court denies leave to file a motion for reconsideration, the Court either certify the Order Denying Remand for interlocutory appeal under § 1292(b) or certify the Order Denying Remand as final under Rule 54(b).

A district court may certify for interlocutory review any non-dispositive order that meets three criteria: (1) there is a controlling question of law upon which (2) there is a substantial ground for difference of opinion, and (3) the immediate appeal of the order will materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b). Plaintiff's contention that civil claims relating to state education rights are nonremovable does present a controlling question of law as to Claims 9 and 10. However, Plaintiff has not persuaded the Court that there is substantial ground for a difference of opinion on that issue. Moreover, a ruling in Plaintiff's favor on the Tenth Amendment issue would result in Claims 9 and 10 being severed and remanded, but would not affect the remainder of the action, which would proceed in this Court. Thus, an immediate appeal would not materially advance the ultimate termination of the litigation. Accordingly, the Court declines to certify its Order Denying Remand for interlocutory appeal.

A district court may certify an order as a final judgment under Rule 54(b) under the following circumstances: "When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In determining whether to enter final judgment under Rule 54(b), the Court first must "determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). That is, "[i]t must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id*. (internal quotation marks and citation omitted). Second, "the district court must go on to determine whether there is any just reason for delay," because "[n]ot all final judgments on individual claims should be immediately appealable,

even if they are in some sense separable from the remaining unresolved claims." *Id*. at 8.  In the present case, the Court's Order Denying Remand is not a final judgment, as it does not constitute an ultimate disposition of any of Plaintiff's claims.  Nor has Plaintiff established that there is no just reason for delay in entering a final judgment in this case.  The Court declines to certify the Order Denying Remand as a final judgment under Rule 54(B).

**III.   ORDER**

(1)   Plaintiff's motion for leave to file a motion for reconsideration or, alternatively, to certify the denial of remand for immediate appeal is DENIED.

(2)   This order terminates ECF 26.

Dated:  August 15, 2023

_____
BETH LABSON FREEMAN
United States District Judge