UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HARRELL,<br><br>           Plaintiff,<br><br>     v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>           Defendants. | Case No. 23-cv-02210-PCP<br><br>**ORDER DENYING MOTION FOR RELIEF FROM PRESENTATION REQUIREMENT**<br><br>Re: Dkt. No. 42 |

In this lawsuit, pro se plaintiff Joshua Harrell asserts various civil rights claims against defendants Board of Trustees of the California State University (CSU) for allegedly removing exam notes from Harrell's possession and arresting Harrell for trespass in a university building. Under the California Tort Claims Act (CTCA), a plaintiff seeking money damages from a public entity must present their claims to that entity before filing a lawsuit. Cal. Gov. Code § 945.4. Here, Harrell failed to present his state law tort claims—alleging false arrest and unlawful search and seizure—to CSU within the six-month statute of limitations that applies to such personal injury claims.[1] Cal. Gov. Code § 911.2. Harrell then filed an application for leave to present the late claims with CSU, but CSU denied his request. Cal. Gov. Code § 911.4. Harrell now moves in this Court for relief from the CTCA's timely presentation requirements.

Under the CTCA, if a public entity denies an application for leave to present an untimely money damages claim, a petition can be made in "a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Gov. Code § 946.6. The superior court then determines whether the public entity improperly denied the application.

---

[1] Notably, these state law tort claims are not being asserted in the present lawsuit at this Court.

Because this federal District Court is not a state superior court, it does not have jurisdiction to entertain Harrell's motion. *See Guerrero v. County of Alameda*, No. 18-cv-02379-WHA, 2018 WL 3646818, at *3 (N.D. Cal. Aug. 1, 2018) ("Federal district courts do not have the authority to grant the relief requested in plaintiff's motion, instead plaintiff needs to file the petition in a California Superior Court. Our court of appeals has not interpreted Section 946.6, but the majority of district courts in this circuit interpret the provision as referring only to state superior courts, not federal district courts."). Harrell's motion is thus denied without prejudice. If he so chooses, Harrell can refile his petition in Santa Clara County Superior Court, where this action originated.

**IT IS SO ORDERED.**

Dated: November 14, 2023

P. Casey Pitts
United States District Judge