UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA HARRELL,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 23-cv-02210-PCP<br><br>**ORDER DENYING MOTION TO DISMISS AND GRANTING MOTION TO AMEND COMPLAINT**<br><br>Dkt. Nos. 14, 44 |

Pro se plaintiff Joshua Harrell filed this civil rights lawsuit against the Board of Trustees of the California State University (CSU) and eight individual CSU employees. Defendants moved to dismiss, after which Harrell moved to amend his complaint. For the reasons that follow, the Court denies defendants' motion to dismiss and grants Harrell's motion to amend.

**BACKGROUND**

Harrell was a student at San Jose State University (SJSU). His claims arise from two distinct incidents.

First, on April 20, 2022, after Harrell completed a midterm exam at SJSU's Alternative Testing Center, defendants Sanchez-Ortega, Khanaka, Bravo, and Villavelasquez-Hill allegedly unlawfully took his exam notes from him. (The notes were soon returned to him at his professor's request.) His conduct was referred to the Student Conduct and Ethical Development office, where defendant Hutton resolved the issue on May 23, 2022 with only a warning.

Second, on June 3, 2022, while Harrell was studying in a building on campus after it had closed, he was purportedly arrested for trespass by defendants Lee and Zonsius. Resolution of the incident took several months as Harrell communicated with defendant Day, SJSU's Vice President of Student Affairs.

1   Harrell asserts 13 claims arising from these two incidents in his complaint: (1) conversion;
2   (2) deprivation of property without due process in violation of the Fourteenth Amendment;
3   (3) discrimination based on disability; (4) retaliation based on protected First Amendment activity;
4   (5) retaliation against opposition to unlawful activity; (6) wrongful use of administrative
5   proceedings; (7) unlawful arrest without a warrant; (8) unreasonable search and seizure in
6   violation of the Fourth Amendment; (9) failure to encourage education by suitable means;
7   (10) denial of the right to attend a safe, secure, and peaceful campus; (11) denial of Equal
8   Protection under the Fourteenth Amendment; (12) breach of contract; and (13) intentional
9   infliction of emotional distress.

Harrell asserts claims (1), (2), and (6) against CSU, SJSU, and defendants Sanchez-Ortega, Khanaka, Bravo, and Villavelasquez-Hill. He asserts claims (3), (4), and (5) against CSU, SJSU, and defendants Sanchez-Ortega, Khanaka, Bravo, Villavelasquez-Hill, and Hutton. Harrell asserts claims (7) and (8) against defendants Lee and Zonsius and claim (9) against CSU, SJSU, and defendants Lee, Zonsius, Day, and Hutton. He asserts claims (10), (11), and (13) against all defendants. Finally, he asserts claim (12) against CSU, SJSU, and defendant Day.

In defendants' motion to dismiss, they argue: (i) Harrell fails to make a short and plain statement of his claims under Federal Rule of Civil Procedure 8(a)(2); (ii) the complaint should be dismissed because it improperly joins unrelated parties for unrelated events, in violation of Federal Rules of Civil Procedure 18 and 20; and (iii) if the complaint is not dismissed, Harrell should be required to provide a more definitive statement under Federal Rule of Civil Procedure 12(e). Harrell opposes defendants' motion while also moving to amend his complaint. In his proposed amended complaint, Harrell seeks to add CSU and SJSU as defendants to claims (7) and (8). Dkt. No. 44-2. He also seeks to rephrase claim (11) as discrimination based on student status and to assert the revised claim against only CSU, SJSU, and defendants Lee, Zonsius, Day, and Hutton. Finally, he seeks to add a claim for arbitrary discrimination against CSU, SJSU, and defendants Lee, Zonsius, Day, and Hutton.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain

2

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All pleadings shall be so construed as to do substantial justice." Fed. R. Civ. P. 8(f). Pro se complaints are "to be liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 18 governs permissive joinder of claims and allows a party to join "as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Rule 18 was designed to "make trials as efficient, expeditious and inexpensive as fairness will permit." *United States v. 93.970 Acres of Land*, 360 U.S. 328, 332 (1959); *see also Bruckman v. Hollzer*, 152 F.2d 730, 733 (9th Cir. 1946). Federal Rule of Civil Procedure 20 governs permissive joinder of parties and allows persons to be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966).

Federal Rule of Civil Procedure 12 permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). "[T]he proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. & Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).

A party may amend its pleading either with the consent of the opposing party or with leave of Court. Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires."

3

*Id.* Factors that the Court considers are undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Ultimately, the "grant or denial of an opportunity to amend is within the discretion of the District Court." *Id*.

## ANALYSIS

### I.  Defendants' Motion To Dismiss Is Denied.

#### A.  Harrell Adequately States Claims Under Rule 8.

Defendants contend that Harrell has failed to comply with the pleading standards set forth in Federal Rule of Civil Procedure 8(a)(2). Construing Harrell's claims liberally given his pro se status, all thirteen claims meet the requirements set forth in Rule 8. Harrell expressly followed the model causes of action set forth in California's Civil Jury Instructions in asserting several of his claims, Dkt. No. 45, at 2, and all of his claims contain a "short and plain statement" of the reasons he believes he is entitled to relief. Defendants argue that Harrell provides "excessive detail" about the underlying events and "needlessly, exhaustively and improperly imputes malicious intent" in his complaint. Dkt. No. 14, at 6. But as Harrell notes, Rule 8 requires that the plaintiff *at a minimum* plead a short and plain statement, not that the plaintiff can *only* plead a short and plain statement. A lengthy complaint alone does not constitute a violation of Rule 8. Rather, by providing additional detail, Harrell simply goes beyond the requirements set forth in Rule 8 while nonetheless satisfying the applicable standard.

#### B.  Harrell Properly Joins Claims Under Rules 18 and 20.

Defendants also argue that Harrell is improperly joining unrelated claims and parties from two distinct events in one proceeding in violation of Rules 18 and 20.[1] But Rule 18 permits Harrell to join claims arising from the separate April 20 and June 3 incidents if those claims are asserted against the same defendant or defendants, while Rule 20 permits joinder of multiple defendants in a single action if a right to relief against them arises out of the "same transaction, occurrence, or

---

[1] Defendants request dismissal of the case under Rules 18 and 20 but "[m]isjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. Instead, the proper remedy for a violation of Rules 18 or 20 is severance of the misjoined claim or party. *Id.*

series of transactions or occurrences" and presents a common question of law or fact. Fed. R. Civ. P. 20(a)(2). Taken together, these rules permit Harrell to pursue all of the claims at issue here in a single lawsuit.

Claims (10) and (13), alleging a denial of Harrell's right to attend a safe, secure, and peaceful campus and intentional infliction of emotional distress, are asserted against all defendants (including in the proposed amended complaint) and present common issues of law arising from both the April 20 and June 3 incidents. Further, the two incidents are temporally proximate and both allegedly demonstrate a trend of aggressive behavior by CSU employees towards Harrell—thereby at least arguably presenting a "series of transactions or occurrences" properly considered in the same lawsuit. Finally, and perhaps most significantly, Harrell's amended complaint (which the Court permits for the reasons set forth below), asserts each claim against both CSU and SJSU. The inclusion of all of those claims in a single lawsuit is therefore permissible under Rule 18, and Rule 20 permits Harrell to add additional individual defendants to each of those claims against CSU and SJSU to the extent that the alleged facts support asserting such a claim.

### C. Harrell Need Not Provide a More Definitive Statement Under Rule 12(e).

Finally, defendants argue that in light of the "numerous incidents involving a mishmash of different defendants," the complaint "fails to clearly or succinctly describe any conduct that [d]efendants can reasonably defend against." Dkt. No. 14, at 8. But to meet the high standard for obtaining relief under Rule 12(e), defendants must show that they lack "a sufficient basis to frame [their] responsive pleadings." *Musacchio*, 695 F. Supp. at 1060. Here, Harrell provides a plethora of detail about the underlying factual circumstances and specifically delineates which claims arising from the two incidents he asserts against which defendants. Harrell need do no more.

### II. Harrell's Motion To Amend Is Granted.

Harrell separately moves to amend his complaint for the first time under Rule 15(a). Defendants do not oppose the motion. Because this is Harrell's first request to amend and there is evidence of neither undue delay nor bad faith, the Court grants the motion.

### CONCLUSION

For the foregoing reasons, the Court denies defendants' motion to dismiss and grants

Harrell's motion to amend. The Clerk shall file the First Amended Complaint, Dkt. No. 44-1, and defendants shall file a responsive pleading or Rule 12(b) motion addressing Harrell's amended complaint within **twenty-one (21) days** of the filing of this Order.

**IT IS SO ORDERED.**

Dated: January 5, 2024

_____
P. Casey Pitts
United States District Judge